## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

DESHAWNE A. TAYLOR,

      Plaintiff,

v.                                     Case No. 2:20-cv-00053

SOUTH CENTRAL REGIONAL JAIL and
OFFICER SMITH,

      Defendants.

### PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court for initial screening is Plaintiff's Complaint (ECF No. 2). Also pending is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1).

### I.    STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss a claim if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A similar screening is conducted of complaints filed by a plaintiff who seeks to proceed *in forma pauperis*, as Plaintiff is here.

Pro se complaints, such as this, are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). However, a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action

created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted); *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016).

Because Plaintiff's complaint fails to state a claim upon which relief can be granted, the Defendants have not been served with process and should not be required to appear or defend this matter.

## II.    *ALLEGATIONS IN COMPLAINT*

The instant complaint alleges that, between 7:00 and 7:30 a.m. on December 6, 2019, Officer Smith ("Smith") and two other unidentified officers came to Plaintiff's cell and began cursing and screaming racial slurs at Plaintiff and allegedly threatened him with physical harm. (ECF No. 2 at 4-5.) Plaintiff further alleges that Smith spit in his face. (*Id.*) Plaintiff also claims that Smith falsely wrote him up for escape and that he never had a hearing on that charge. (*Id.*) Plaintiff contends that Smith acted in an

unprofessional manner and with disrespect, causing Plaintiff "emotional distress," but he does not allege that he suffered any actual physical harm. (*Id.*)

## III.     ANALYSIS

A.     *The South Central Regional Jail is not a proper defendant.*

Plaintiff has named the "South Central Regional Jail" ("SCRJ") as one of the defendants herein. However, the SCRJ is a correctional facility operated by the West Virginia Division of Corrections and Rehabilitation (the "WVDCR"). Thus, it is a state agency or entity.

Plaintiff's claims against the Defendants are construed to be brought under 42 U.S.C. § 1983, which provides in pertinent part:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983.  While not in itself a source of substantive rights, § 1983 provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).  To successfully establish a § 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) [Emphasis added].

To the extent that Plaintiff has named the SCRJ as a defendant, it is not a suable entity against whom relief can be granted.  In *Will v. Michigan Dept. of State Police*, 491

4

U.S. 58, 71 (1989), the Supreme Court held that a State, including its agencies, and its officials acting in their official capacities, are not "persons" under § 1983.

Furthermore, pursuant to the Eleventh Amendment to the United States Constitution, the power of the federal judiciary does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own state. *Hans v. Louisiana*, 134 U.S. 1, 9 (1980). Thus, the Eleventh Amendment of the United States Constitution bars a suit in a federal court by private parties seeking to impose monetary liability upon a State or State officials, which may be paid from public funds in the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Absent consent or waiver by statute, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). These narrow exceptions to Eleventh Amendment immunity do not exist in this case. *Lee-Thomas v. Prince George's Cnty. Pub. Sch.*, 666 F.3d 244, 248-49 (4th Cir. 2012). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the SCRJ is not a person who can be sued under § 1983 and is further immune from suit under the Eleventh Amendment. Thus, the complaint fails to state a plausible claim for relief against the SCRJ.

      B.    *Claim against Smith.*

Plaintiff alleges nothing more than verbal abuse by Smith, which is not actionable under the Eighth Amendment. *See, e.g., Hill v. Rose,* No. 5:18-cv-1535, 2019 WL 2896597 (S.D. W. Va. June 10, 2019) (citing *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987)); *Lindsey v. O'Connor*, 327 F. App'x 319, 2009 WL 1316087, (3d Cir. May 13, 2009) (holding that "[v]erbal harassment of a prisoner, although distasteful, does not violate the Eighth Amendment"). Even to the extent that Plaintiff alleges that Smith used racial

slurs, his claim does not sufficiently state a plausible constitutional claim.  As recently

noted by another member of this court:

> Of relevance to this case, "[t]aunting comments and slurs by [prison officials] are unprofessional and reprehensible, but do not in and of themselves support a claim of constitutional violation." *Johnson v. Robinette*, No. CV GJH-17-3401, 2019 WL 1331310, at *4 (D. Md. Mar. 22, 2019); *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) ("However, acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment.") (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)).  According to established law, the verbal abuse of inmates by correctional facility staff, without more, is not actionable under § 1983. *See Tokley v. Ratliff*, No. CIV A 707CV00109, 2007 WL 1046955, at *1 (W.D. Va. Apr. 3, 2007) (citing *Morrison v. Martin*, 755 F. Supp. 683, 687 (E.D.N.C. 1990)); a*lso Rahn v. Barksdale*, No. 7:11-cv-00563, 2011 WL 6131076, at *2 (W.D. Va. Dec. 8, 2011) (holding that "[v]erbal harassment or idle threats to an inmate, even to an extent that it causes an inmate fear or emotional anxiety" do not amount to constitutional violations.); *Owens v. Vanmeter*, No. CIV.A. RWT-09-1780, 2010 WL 817315, at *3, n. 5 (D. Md. Mar. 4, 2010) ("The use of racist epithets, while offensive, is not actionable under 42 U.S.C. § 1983.") (collecting cases); *Keyes v. City of Albany*, 594 F. Supp. 1147, 1155 (N.D.N.Y. 1984) ("[T]he use of vile and abusive language, no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim."); *Burgos v. Canino*, 641 F. Supp. 2d 443, 455 (E.D. Pa. 2009) ("[T]hreats and offensive language do not constitute an actionable adverse action under § 1983."); *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002) (holding that verbal taunts and abuse do not give rise to liability under § 1983); and *Haywood v. Gifford*, No. 1:17-CV-398, 2017 WL 5633316, at *4 (S.D. Ohio Oct. 4, 2017), *report and recommendation adopted*, No. 1:17-CV-398, 2017 WL 5598167, at *4 (S.D. Ohio Nov. 21, 2017) ("[I]t is well-settled that '[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief.' ") (citing *Wingo v. Tennessee Dep't of Corp.*, 499 F. App'x 453, 455 (6th Cir. 2012)).

*Wilson v. United States*, 332 F.R.D. 505, 520 (S.D.W. Va. 2019).  Plaintiff has not alleged

that he suffered any physical injury that would move his claim across the Eighth

Amendment threshold.  Although he summarily claims that Smith spit at him, he does

not allege that he suffered any physical harm therefrom.  While such conduct may be

deplorable or offensive, it demonstrates, at best, a *de minimis* use of force that is not

actionable under the Eighth Amendment.  *See Shanklin v. Seals*, No. 3:07-cv-319, 2010 WL 2942649, at *24 (E.D. Va. July 27, 2010) (citing *DeMallory v. Cullen*, 855 F.2d 442, 444 (7th Cir.1988); *Gill v. Tuttle*, 93 F. App'x 301, 303 (2d Cir.2004) (No. 03–0014) (finding that prison guard spitting on prisoner was *de minimis* use of force and did not violate Eighth Amendment), *available at* 2004 WL 605281, at *2; and *Owens v. S.C. Dep't of Corr.*, No. 8:09-cv-00278, 2009 WL 4807005, at *5 (D.S.C. Dec. 8, 2009)).

Plaintiff's complaint further alleges that Smith wrote him up on an escape charge, but he never had a disciplinary hearing concerning that charge.  To the extent that Plaintiff may be attempting to assert a violation of his due process rights stemming from this conduct, he does not allege that he was found guilty and disciplined in any way for this alleged violation.  Thus, he has not established that he suffered a loss of liberty resulting from this alleged conduct or that any specific violation of his due process rights occurred as a result thereof.

Finally, to the extent that Plaintiff's complaint also summarily asserts that he wishes to sue for "assault" (for the spitting) and "defamation of character," those are state law claims.  Plaintiff's wholly conclusory allegations fail to establish facts sufficient to satisfy the essential elements of such claims.  Moreover, because Plaintiff's complaint fails to sufficiently state any federal claim for relief, the court should decline to exercise supplemental jurisdiction over these alleged state law claims.  This Court has discretion as to whether to exercise supplemental jurisdiction and may properly decline to exercise this authority when it "has dismissed all claims over which it has original jurisdiction." *See* 28 U.S.C. § 1367(c)(3).

## IV.    RECOMMENDATION

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's complaint fails to state a claim upon which relief can be granted. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Plaintiff's complaint (ECF No. 2) and this civil action, pursuant to the provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B) and **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1).

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

October 12, 2022

Dwane L. Tinsley
United States Magistrate Judge